[No. 13315.   Department Two.   August 29, 1916.]

L. J. SAPPINGTON, *Appellant*, v. BURT OWENS *et al.*, *Respondents*.[1]

MORTGAGES—DEFICIENCY JUDGMENT—AGREEMENT — EVIDENCE—SUFFICIENCY. While a deficiency judgment will not be prevented by the erasure of a clause in a mortgage note authorizing the same, the court is warranted in finding therefrom that there was an agreement that no deficiency judgment should be taken and that the mortgagee should look alone to the security, the mortgagor and a disinterested witness testifying to that effect.

SAME — ACTION ON NOTE — DEFENSES — REFORMATION — REPLY — BURDEN OF PROOF. Upon a defense to a mortgage note seeking reformation as to the provision for a deficiency judgment, the burden is upon plaintiff to prove the allegations of his reply that defendants had misrepresented the value of the property and were not entitled to the equitable relief of reformation.

APPEAL—REVIEW—FINDINGS. A finding sustained by substantial evidence and none preponderating against it will not be set aside where the trial court had the advantage of hearing the witnesses and weighing the credibility of each.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered October 22, 1915, upon find-

[1]Reported in 159 Pac. 785.

ings in favor of the defendants, in an action on a promissory note, tried to the court. Affirmed.

*John F. Watson* (*Thos. H. Brents,* of counsel), for appellant.

*Sharpstein, Pedigo, Smith & Sharpstein,* for respondents.

Holcomb, J.—This action was brought by appellant against respondents, Owens and wife, upon their joint promissory note for the sum of $1,800, disregarding a mortgage on realty given therewith. The note is of the ordinary printed form and contains a stipulation for a deficiency judgment which was scratched out, and underneath was written the following: "The clause above erased was agreed to before delivery of the note, that is, it was agreed by all parties to be erased." By virtue of Rem. & Bal. Code, § 1119, there could still be a deficiency judgment on this note, as there was no express provision prohibiting one. The respondents answered, admitting the execution of the note but alleging that it was secured by a mortgage on a quarter section of land in Walla Walla county, Washington, and that it was the agreement and understanding between the parties that the makers were not to be personally liable thereon, but that the payee was to look solely to the mortgaged lands for satisfaction of the debt evidenced by this note, and that, through mutual mistake of both parties and inadvertence of the scrivener, the note failed to express the true intent of the parties and should be reformed to express such intention. Appellant replied to this answer by way of denial, and further alleged, as against any reformation, that respondent Owens, in order to get appellant to accept the note and mortgage, represented the mortgaged lands to be of the value of $4,000, whereas, in fact, they were worth not to exceed $1,000; and also promised appellant that he would pay off the note in installments within one year from its date. The trial court made findings in conformity with

the allegations of respondents' answer, and allowed appellant a lien against the mortgaged premises, but refused to enter a personal judgment against either of respondents, this appeal resulting.

Appellant urges as error the finding of the trial court that all parties agreed appellant would look entirely to the mortgaged premises for payment of the debt. The burden of proof was upon respondents to establish an express agreement intended to constitute their contract and reform the instrument accordingly. Both respondents and one Cook, the scrivener and notary who drew the note and who, so far as the record discloses, was a disinterested witness, testified that this agreement was entered into by the parties to this action before the deal was consummated. This was contradicted by appellant, but the trial court found that the agreement as testified to by respondents and Cook was entered into by the parties, and the circumstances surrounding the transaction seem to lend force to this finding, though, as a matter of law, the mere erasure of the clause providing for a deficiency judgment would have been ineffective and a deficiency judgment could be had unless it was expressly provided that there could be none. The parties to this action, both being laymen, were doubtless unfamiliar with the rule of law on this subject. When they erased the deficiency judgment clause, if done without any agreement that there could be no such deficiency, legally they did a useless thing. But we are of the opinion that they did not consider they were doing a useless thing, but believed they were doing it effectually for some purpose, which, from the very nature of the act of erasing this clause and the facts coincident therewith, could be only for the purpose of preventing a deficiency judgment. If this is true, there must have been some agreement to that effect, and there was, therefore, no error, having resolved the testimony in favor of respondent, in making the finding complained of. The fact that the parties could have made an immediate and complete transfer of the property

instead of such a transaction as this is immaterial if they did, in fact, make the express contract as found.

Appellant's last contention is that respondents committed a fraud in misrepresenting the value of the mortgaged premises, and for this reason respondents cannot come into a court of equity and ask for the reformation of the note and mortgage, which is an equitable remedy, as it would violate the equitable maxim that he who comes into a court of equity must come with clean hands. This conclusion is based upon the premise that, as a matter of fact, respondents did misrepresent to appellant the value of the mortgaged land. The only testimony concerning the alleged misrepresentation of the value of the mortgaged premises was that of respondents and appellant, which was in sharp conflict; but as this misrepresentation was alleged by appellant as an affirmative defense to the reformation of the instruments, it became incumbent on him to prove it by a fair preponderance of the evidence. The trial court, who had the advantage of hearing the witnesses testify and of weighing the credibility of each, was of the opinion that no misrepresentation as to value was made by respondents, as evidenced by the finding to that effect. There was substantial evidence to support this finding and none preponderating against it. We are not, therefore, to disturb it.

Judgment affirmed.

MORRIS, C. J., BAUSMAN, MAIN, and PARKER, JJ., concur.